## WHITED v STATE ex FULLER

Ohio Appeals, 2nd Dist, Miami Co

No 352.   Decided May 18, 1936

Raymond S. Caulfield, for plaintiff in error.

Harley D. Enyeart, Troy, for defendant in error.

## OPINION

By BODEY, J.

It is claimed that the court erred in the following particulars:

1. Said court erred in overruling the motion of plaintiff in error for a new trial.

2. Said court erred in its charge to the jury on the trial of said action.

3. Said court erred in the admission of evidence of said defendant in error to which the plaintiff in error objected.

4. The verdict of the jury is not sustained by the weight of the evidence and the law.

We will first consider assignments numbered 2, 3 and 4.

Under the second specification, counsel direct our attention to the following portion of the court's general charge to the jury.

"This case has been a very unpleasant one necessarily. I am sorry that the jury could not have been spared from going into this unpleasant subject, but it is a duty that neither the jurors or the court can escape. The case is more than an unpleasant one; it is a very sad one, indeed. Undoubtedly the sympathy of the jury and that of the court goes out to these parties, and however they may have erred on either side they are entitled, in spite of the delinquencies, if they existed, to the pity and sympathy of both the court and jury. **I would not be human if I would forbid the jury to feel any sympathy, not only for the parties directly interested in this case, but for those who suffered thereby and for the helpless little children who are involved;** but, nevertheless, this sympathy must not in any way influence your verdict or lead you to return a verdict except in accordance with the evidence as given by the witnesses and the law of the case as given by the court. In other words, so far as affecting your verdict is concerned you are entitled as individuals to sympathize with the people, but you must not let your sympathy cause you to swerve from your duties as a juror. The close attention which the jury paid to the evidence and the charge makes me feel confident that the verdict that you eventually agree upon will represent your honest judgment, moved by no other consideration but a desire to do justice in the case, and when you have returned a verdict based on that ground you will have discharged your duty and fulfilled the obligations of the oath that you took at the outset of the case."

Counsel particularly claim that the court erred in giving that portion of the foregoing paragraph which we have emphasized. If that part of the charge which is complained of was given alone as an abstract statement and was not connected with other portions of the charge, we would be inclined to agree that error had been committed to the prejudice of the defendant. When the whole of the above paragraph is read together we are not able to say that the trial judge transgressed the proprieties of the situation before him or the rights of the defendant in giving the same. The court was very careful to impress upon the jury that it should render its verdict upon the evidence and that no juror should permit sympathy or pity to swerve him from the discharge of his sworn duty as such. We find no prejudicial error in this specification.

Under the third ground noted in the petition in error, counsel contend that the trial court erred in permitting the complainant to testify concerning her expenses incurred incident to the pregnancy and birth of the child. To be sure, it is the duty of the trial court, under §12123 GC, after an accused pleads guilty or is found guilty, to determine the amount that should be paid by the defendant to the complainant for her necessary expenses. We can not see where the defendant could possibly be harmed or prejudiced by permitting such testimony to go to the jury. If a jury was not already convinced of the guilt of the defendant in a bastardy case, it is most unlikely and most improbable that testimony as to the amount and character of the expenses incurred by the complainant would be evidence sufficient in itself to establish the guilt of the defendant by the preponderance of the evidence. Although this testimony, as noted by the trial court when it was offered, was not competent to go to the jury, its reception did not prejudice the defendant in the trial.

In considering the fourth ground of alleged error, we must not forget that the jury has the opportunity to see and hear the witnesses and that it is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. There is evidence which supports this verdict. If the jury chose to believe this complainant and her mother and to disbelieve those witnesses who testified to a different state of facts, it had a right so to do. So long as there is evidence to support a verdict and the verdict is not manifestly against the weight of the evidence, a reviewing court is powerless to interfere. On review a court may not usurp the functions of the jury. If evidence submitted to a jury is of such a nature that reasonable minds may differ upon its probative worth, then a court may not set aside a verdict returned. Such is the case at bar. We can not say that this specification of error is well taken.

In the first assignment of error, the defendant complains that the court erred in overruling his motion for a new trial. That motion contained three branches. Besides subdivisions 2 and 4 of claimed errors as set out in the petition in error it contained this ground:

"3. One, Frank T. Kohlhorst, a juror on the trial of this action while so engaged, during the noon recess of the court and before all the evidence of the defendant was offered, in violation of the express instructions of the court, discussed the case with third parties and expressed his opinion of the case at that time."

In support of this additional ground set out in the motion for a new trial, the defendant produced the affidavits of Mike Bashore and Robert Comer to the effect that about the noon hour on the day of trial they heard the juror, Frank T. Kohlhorst, discuss the merits of the case and that they heard said juror say that as far as he was concerned the case was decided. As opposed to this claim, the complainant presented to the court the affidavits of said Frank T. Kohlhorst and William Gest. These affiants denied that a discussion of the merits of the instant case was had but stated that they did discuss a bastardy case in which the said William Gest had once been involved and wherein a Fuller girl was the complaining witness. In disposing of this ground of the motion for new trial the court had before it these affidavits. When it overruled the motion the trial court evidently found that there had been no misconduct on the part of this juror. From an examination of the record as it appears we can not say that this was an erroneous finding of the court. Having already held that there was no prejudicial error in the general charge and that the verdict is sustained by the evidence and the law, it follows that in our opinion no error prejudicial to the defendant intervened when the motion for a new trial was overruled.

We find no prejudicial error in any of the specifications set forth. The judgment of the lower court is affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.